**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re:                                   :

YOUNG BROADCASTING INC. *et al.*,      :

                        Debtors.      :

------------------------------------------------------------ x
THOMAS T. ALLAN, JR. and      :
    HELA MIODOWNIK,      :

                  Appellants,      :

            -against-      :

YOUNG BROADCASTING INC. *et. al.,*      :

                  Appellees.      :
------------------------------------------------------------ x

Related Bankruptcy
Case No. 09-10645 (AJG)

(Jointly Administered)

Case No. 09-cv-3804 (AKH)

**MOTION AND MEMORANDUM OF LAW IN SUPPORT**
**OF DEBTORS' MOTION FOR AN ORDER (I) DISMISSING THE APPEAL**
**PURSUANT TO FED. R. BANKR. P. 8011, (II) STAYING THE APPEAL OR**
**ALTERNATIVELY EXTENDING THE APPEAL BRIEFING SCHEDULE**
**PURSUANT TO FED. R. BANKR. P. 8009, AND (III) AWARDING**
**<u>DAMAGES TO DEBTORS PURSUANT TO FED. R. BANKR. P. 8020</u>**

SONNENSCHEIN NATH & ROSENTHAL LLP
Peter D. Wolfson
Holly S. Falkowitz
Jo Christine Reed
Michael Carney
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 768-6700
Facsimile: (212) 768-6800

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................. 2

BACKGROUND .................................................................................. 4

   A.   The Debtors...................................................................... 4

   B.   The Debtors' Application to Retain and Employ Sonnenschein. ...................... 4

   C.   The Allan Objection to the Sonnenschein Retention Application. ..................... 6

   D.   The Bankruptcy Court's Order Approving the Sonnenschein Retention Application. ...... 9

   E.   The Allan Appeal.............................................................. 10

RELIEF REQUESTED......................................................................... 11

BASIS FOR RELIEF .......................................................................... 12

   A.   The Appeal Should Be Dismissed Because Appellants Lack Appellate Standing. .......... 13

   B.   The Appeal Should Be Dismissed Because Appellants Appeal An Unsigned Order And Waived Certain Issues Pertaining To The Orders By Failing To Object In The Bankruptcy Court................................................................. 16

   C.   The Appeal Should Be Dismissed Because It Is Frivolous. ............................ 17

      i.   Issue One is Meritless. ..................................................... 18

      ii.   Issue Two is Frivolous Because Sonnenschein Is Disinterested. ................. 19

      iii.   Allan Was Given The Opportunity To Be Heard (Issues Three, Four, and Eight)....... 20

      iv.   Allan's Requests For Injunctive And For Other Affirmative Relief Were Not Properly Before The Bankruptcy Court (Issues Five and Nine Through Twelve)................. 21

   D.   This Court Should Stay this Appeal Pending Its Ruling on this Motion. ................ 24

   E.   The Appeal is Frivolous And An Award Of Damages And Double Costs Should Issue. 25

MEMORANDUM OF LAW ..................................................................... 26

NOTICE........................................................................................ 27

NO PRIOR REQUEST ........................................................................ 27

# TABLE OF AUTHORITIES

**Cases**

*60 E. 80th St. Equities, Inc. v. Sapir* (*In re 60 E. 80th St. Equities, Inc.*),
  218 F.3d 109 .................................................................................................... 25

*Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am.,*
  927 F.2d 1283 ................................................................................................. 16

*Cofield v. Graham* (*In re Malmart Mortgage Co.*),
  166 B.R. 499 .................................................................................................... 14

*Coghlan v. Starkey,*
  852 F.2d 806 .................................................................................................... 26

*Countrywide Home Loans, Inc. v. Collins,*
  2006 WL 1877090 ............................................................................................ 22

*Dubin v. S.E.C.,* ( *In re Johns-Manville Corp.*),
  824 F.2d 176 .................................................................................................... 21

*Enter. Bank v. Young* (*In re Fryer*),
  235 Fed. Appx. 951 .......................................................................................... 14

*First Fed. Bank v. Weinstein* (*In re Weinstein*),
  227 B.R. 284 .................................................................................................... 25

*Gen. Motors Acceptance Corp. v. Dykes* (*In re Dykes*),
  10 F.3d 184 ...................................................................................................... 15

*Holta v. Zerbetz,*
  145 B.R. 637 .................................................................................................... 13

*Horoshko v. Citibank, N.A.,*
  373 F.3d 248 .................................................................................................... 26

*Hyundai Translead, Inc. v. Jackson Truck & Trailer Repair, Inc.*
  (*In re Trailer Source, Inc.*), 555 F.3d 231 ....................................................... 14

*In re Am. Specialty Equip. Corp.,*
  1999 WL 97917 ................................................................................................ 13

*In re Central Cream Co.,*
  62 B.R. 357 ............................................................................................... 13, 14

*In re Cosmopolitan Aviation Corp.,*
  763 F.2d 507 .................................................................................................... 13

*In re Davis,*
  2004 WL 1336233 ............................................................................................ 25

*In re Drexel Burnham Lambert Group, Inc.,*
  995 F.2d 1138 .................................................................................................. 25

*In re DuPage Boiler Works, Inc.,*
  965 F.2d 296 .................................................................................................... 14

*In re Eerie World Entm't, L.L.C.,*
  2006 WL 1288578 ............................................................................................ 23

*In re MacInnis,*
  1998 WL 409726 .............................................................................................. 24

*In re Negosh,*
  2007 WL 2445158 ............................................................................................ 25

*In re Quality Spice Corp.,*
  107 B.R. 843 .................................................................................................... 12

*In re Salant Corp.,*
176 B.R. 131 ........................................................................................ 12, 13, 14, 15

*In re Stevens,*
2001 WL 34093946 .............................................................................................. 22

*In re Tampa Chain Co., Inc.,*
835 F.2d 54 .......................................................................................................... 24

*In re Taylor,*
2000 WL 1634371 ................................................................................................ 15

*In re Victory Mkts., Inc.,*
195 B.R. 9 ...................................................................................................... 13, 15

*Int'l Trade Admin. v. Rensselaer Polytechnic Inst.,*
936 F.2d 744 ........................................................................................................ 12

*Joseph v. Lindsey (In re Lindsey),*
229 B.R. 797 ........................................................................................................ 26

*Ketaner v. Trad'l Indus., Inc. (In re Ketaner),*
154 B.R. 467 .................................................................................................. 12, 19

*Kuntz v. Cray Computer Corp. (In re Cray Computer Corp.),*
1997 WL 111264 ............................................................................................ 12, 17

*Maloni v. Fairway Wholesale Corp.,*
282 B.R. 727 ........................................................................................................ 25

*Neitzke v. Williams,*
490 U.S. 319 ........................................................................................................ 17

*PDM Enters., Inc. v. Cape May Foods, Inc.,*
301 F.3d 147 ........................................................................................................ 24

*Premier Capital, LLC v. Gavin (In re Gavin),*
319 B.R. 27 .......................................................................................................... 25

*Roper v. Garden Ridge Corp. (In re Garden Ridge Corp.),*
2009 WL 62442 ........................................................................................ 12, 17, 20

*Sapir v. Hudson Realty Co. (In re Rosalind Gardens Assocs.),*
158 B.R. 15 .......................................................................................................... 23

*Siemon v. Emigrant Savings Bank (In re Siemon),*
421 F.3d 167 ........................................................................................................ 17

*Sizemore v. State of N.M. Dep't of Labor,*
2006 WL 1704456 ................................................................................................ 16

*Strait v. Specialty Equip. Cos., Inc.,*
1992 WL 391292 .................................................................................................. 24

*Toscano v. Chandris,*
934 F.2d 383 .............................................................................................. 21, 22, 24

*Vesta Fire Ins. Corp. v. New Cap Reinsurance Corp. Ltd. (In re McKenna),*
238 F.3d 186 ........................................................................................................ 16

*Wiggin v. Gordon,*
455 N.Y.S.2d 205 ................................................................................................. 23

**Rules and Statutes**

11 U.S.C. § 101(14) ........................................................................................... 4, 19
11 U.S.C. § 1107(b) ........................................................................................... 4, 19
11 U.S.C. § 327 .................................................................................................... 18
11 U.S.C. § 327(a) .................................................................................... 1, 4, 19

11 U.S.C. § 328(a) ............................................................................................... 1, 4

22 N.Y. Comp. Codes R. & Regs. § 1215.1 .................................................... 18

28 U.S.C. § 158(a) ............................................................................................. 22

Bankruptcy Rule 8009 ............................................................................ 1, 11, 24

Bankruptcy Rule 8011 ............................................................................ 1, 12, 19

Bankruptcy Rule 8011(a) .............................................................................. 11, 12

Bankruptcy Rule 8020 ............................................................................... passim

Fed. R. App. P. 38 ....................................................................................... 21, 25, 26

Fed. R. App. Proc. R. 3(c)(1)(B) .................................................................... 18

Fed. R. Bankr. P. 7001 ..................................................................................... 23

N.Y. Jud. Ct. Acts § 487 .................................................................................. 23

Rule 7.1(a) of the Local Civil Rules ............................................................. 26

Section 1108 of the Bankruptcy Code .......................................................... 3

Sections 1107(a) of the Bankruptcy Code .................................................... 3

17641857\V-1

Young Broadcasting Inc. ("Young") and certain of its direct and indirect subsidiaries, the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors[1]"), as appellees herein, hereby move this Court (the "Motion"), for the entry of an order pursuant to Rules 8011 and 8020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) dismissing the appeal of Thomas T. Allan, Jr. ("Allan") and Hela Miodownik ("Miodownik," and, together with Allan, the "Appellants") from the order of Bankruptcy Judge Arthur J. Gonzalez approving the retention of Sonnenschein Nath & Rosenthal, LLP ("Sonnenschein") as Debtors' counsel pursuant to 11 U.S.C. §§ 327(a) and 328(a), (ii) staying this appeal pending a ruling on this Motion or alternatively extending the appeal briefing schedule in the event that the Court denies this Motion pursuant to Bankruptcy Rule 8009, and (iii) awarding damages to the Debtors pursuant to Bankruptcy Rule 8020.  In support of their Motion, the Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

In a misguided and, frankly, puzzling attempt to raise family disputes that the Bankruptcy Court properly determined should be left for another forum, Allan objected below (the "Allan Objection"), and now has appealed the Bankruptcy Court's approval of the Debtors' retention of Sonnenschein as their legal counsel in the Debtors' chapter 11 cases.  (Falkowitz Decl., Ex. A,[2] Hr'g Tr. 31).  Allan, however, is neither a shareholder nor creditor with standing or any basis to object to the retention of Sonnenschein.  The simple fact is that Allan does not own the 15,172

---

[1] The Debtors and Appellees in these cases are Young Broadcasting Inc.; Young Broadcasting of Lansing, Inc.; Young Broadcasting of Louisiana, Inc.; Young Broadcasting of Nashville, LLC; Young Broadcasting of Albany, Inc.; Young Broadcasting of Richmond, Inc.; Young Broadcasting of Knoxville, Inc.; Young Broadcasting of Green Bay, Inc.; Young Broadcasting of Davenport, Inc.; Young Broadcasting of Sioux Falls, Inc.; Young Broadcasting of Rapid City, Inc.; Young Broadcasting of San Francisco, Inc.; Young Broadcasting of Nashville, Inc.; Young Broadcasting of Los Angeles, Inc.; Young Broadcasting Shared Services, Inc.; Adam Young Inc.; WKRN, G.P.; WATE, G.P.; KLFY, L.P.; YBT, Inc.; YBK, Inc.; LAT, Inc.; Winnebago Television Corporation; Fidelity Television, Inc.; and Honey Bucket Films, Inc.

[2] The Declaration of Holly S. Falkowitz dated April 20, 2009 ("Falkowitz Decl.") is submitted contemporaneously herewith.

shares that he claims to own in the Allan Objection as those shares were sold years ago. (Falkowitz Decl., Ex. B, Richard Young Decl. ¶¶ 1-3 & Falkowitz Decl., Ex. C, Vincent Young Decl. ¶ 4.)  Moreover,  to the extent Allan has an interest in an irrevocable trust that holds certain shares of the Debtors and a small interest in a partnership that holds shares of the Debtors, the Bankruptcy Court properly determined (and Appellants' counsel agreed) that such trust, which did not appear in the bankruptcy proceeding, is the party-in-interest to assert any objection to the Debtors' retention.  (Falkowitz Decl., Ex. A, Hr'g Tr. 27.)

In addition, Miodownik (the wife of Adam Allan, counsel to Appellants) who did not object to Sonnenschein's retention and thus waived her right to do so—has now joined in this appeal.  Miodownik is the purported owner of a mere 105 shares of the Debtors' common stock, with a cost basis of $308.80 and which she values at **two dollars and ten cents**.  (Falkowitz Decl., Ex. D[3], V.S. of Hela Miodownik.)  As discussed more fully below, because of their insufficient interests in the Debtors, Appellants are not "persons aggrieved" with standing to prosecute this appeal, and nothing in the record will demonstrate otherwise.  Appellants have not been "directly and adversely affected pecuniarily" by the Bankruptcy Court's order approving Sonnenschein's retention (or the other orders that are the subject of this appeal), and this appeal should be dismissed for that reason alone.

The appeal also is improper for multiple other reasons sufficient to warrant dismissal. For example, Appellants purport to appeal from a proposed order that Allan filed with one of his own pleadings, and appeal from other orders to which Appellants did not object in the Bankruptcy Court, thereby waiving related issues in this appeal.  Further, the statement of issues on appeal also asks this Court to determine whether the Bankruptcy Court erred in refusing to

---

[3]     Exhibit D is designated in the Debtors' Counter-Designation of Additional Items to be Included in Record on Appeal, and Counterstatement of Issues on Appeal, by Thomas T. Allan, Jr. and Hela Miodownik.  (Docket 3.)

grant relief that was not even properly requested. Specifically, Allan asked for relief in the Allan Objection that can only be requested on motion or via a complaint in an adversary proceeding. Allan requested that (i) all Sonnenschein attorneys be barred from arguing in the Bankruptcy Court for three years; (ii) Sonnenschein and certain of its partners be sanctioned millions of dollars pursuant to Section 487 of the New York Judiciary Law; and (iii) the Bankruptcy Court appoint a committee of equity security holders, among other procedurally improper things. It is axiomatic that an appeal of issues not properly before a lower court is tantamount to frivolity warranting a dismissal of such an appeal and an award of damages to the appellee. As demonstrated below, each of the Appellants' issues raised in their appeal is frivolous, representing yet another reason this appeal should be dismissed without wasting further time and resources.

Appellants do not have standing to assert this appeal. None of Appellants' allegations in this Court or below are sufficient to destroy Sonnenschein's status as a disinterested party, and any appeals of matters not properly before the Bankruptcy Court or for which Appellants have no standing to raise are prima facie frivolous. For the reasons set forth herein, this appeal should be dismissed and an award of damages and double costs should issue.

## **BACKGROUND**

1.      On February 13, 2009 (the "Petition Date"), each of the Debtors filed with the Bankruptcy Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. Pursuant to an order dated February 17, 2009, these cases are jointly administered.

**A.    The Debtors.**

2.      Young, incorporated in 1986, is one of the largest television broadcast station groups in the country.  The Debtors own and operate ten television stations in geographically diverse markets as well as the national television representation firm, Adam Young Inc.  In addition to the primary stations, the Debtors operate satellite stations that rebroadcast programming from its primary stations.

**B.    The Debtors' Application to Retain and Employ Sonnenschein.**

3.      On February 27, 2009, the Debtors filed an application for an order authorizing the employment and retention of Sonnenschein as legal counsel for the Debtors *nunc pro tunc* to the Petition Date pursuant to 11 U.S.C. §§ 327(a) and 328(a) (the "Sonnenschein Retention Application").  (Falkowitz Decl., Ex. E.)

4.      In addition to being well qualified to represent the Debtors in their chapter 11 cases, Sonnenschein is also a "disinterested person" as that term is defined in 11 U.S.C. § 101(14), as modified by 11 U.S.C. § 1107(b), and Sonnenschein does not hold or represent any interest adverse to the Debtors' estates in matters upon which the firm was to be engaged.  Other than in connection with these proceedings, Sonnenschein has no connection with the Debtors, their creditors, attorneys, or any other party in interest in these chapter 11 cases, except as set forth in the declaration of Peter D. Wolfson in support of the Sonnenschein Retention Application dated February 27, 2009 (the "Wolfson Declaration") (Falkowitz Decl., Ex. F), the supplemental declaration of Peter D. Wolfson in support of the Sonnenschein Retention Application dated March 11, 2009 (the "Supplemental Wolfson Declaration") (Falkowitz Decl., Ex. G), and the Declaration of Robert Winikoff in support of the Sonnenschein Retention Application dated March 11, 2009 (the "Winikoff Declaration") (Falkowitz Decl., Ex. H).

5.      As disclosed in the Supplemental Wolfson Declaration, Sonnenschein previously represented the Debtors as outside counsel from 2000 through or about December 31, 2007.  At December 31, 2007, Akerman Senterfitt LLP ("Akerman")[4] began acting as the Debtors' primary outside counsel.  Throughout 2008, Sonnenschein only performed periodic services for the Debtors and billed under $55,000.  As of the Petition Date, Sonnenschein was not owed any fees for outstanding legal services provided to the Debtors .  None of Sonnenschein's engagements by the Debtors, creditors, or other parties in interest previously disclosed in the Wolfson Declaration and the Supplemental Wolfson Declaration represent any material component of Sonnenschein's practice.

6.      In addition, as disclosed in the Winikoff Declaration, for the years 1998 through 2001, Sonnenschein partner Robert L. Winikoff ("Winikoff") was also a director of Young.  As compensation for his directorship, Winikoff received certain Young stock options.  These options were not exercised and either have expired on their own terms or have been relinquished, (Falkowitz Decl., Ex. I, Notice of Relinquishment), have been substantially "out of the money" since shortly after there issuance, and thus were worthless.

7.      Based on the record, the Bankruptcy Court properly determined that the standard articulated by the courts of this Circuit regarding the retention of counsel for the Debtors has been met.  (Falkowitz Decl., Ex. A, Hr'g Tr. at 33.)  Appellants' arguments to the contrary, are baseless and without merit.

**C.      The Allan Objection to the Sonnenschein Retention Application.**

8.      Despite his lack of standing to object, Allan filed the sole objection to the Sonnenschein Retention Application on March 9, 2009.  (Falkowitz Decl., Ex. J, Allan Objection

---

[4]      The Appellants also have appealed the Bankruptcy Court's approval of the retention of Akerman as the Debtors' ordinary course professionals.  Akerman will be filing a separate motion to dismiss the Appellants' appeal, which the Debtors incorporate in full by reference herein (the "Akerman Motion").

& Falkowitz Decl., Ex. K, Debtors' Response to the Allan Objection.)  Neither the Steering

Committee of Secured Lenders holding over $338 million of debt secured by all assets of the

estate, the Official Committee of Unsecured Creditors representing, among others, over $470

million of debt, nor the United States Trustee, filed any objection to Sonnenschein's retention.

9.      Allan is neither a shareholder nor creditor with any basis to (i) object to the

Sonnenschein Retention Application or (ii) seek the appointment of an equity committee in the

Debtors' chapter 11 cases.  Put simply, Allan does not own the 15,172 Class B Common Shares

of Debtor Young's common stock (the "15,172 Shares") that he claims to own in the Allan

Objection as those 15,172 Shares were sold years ago.  (Falkowitz Decl., Ex. B, Richard Young

Decl. ¶¶ 1-3 & Falkowitz Decl., Ex. C, Vincent Young Decl. ¶ 4.)

10.     Nor is Allan helped by the fact that an irrevocable trust holding property for

Allan's benefit owns 670 Class B Common Shares of Young's common stock as well as a small

interest in a partnership that holds certain Class B Common Shares of Young's common stock.

(Falkowitz Decl., Ex. B, Richard Young Decl. ¶ 4 & Falkowitz Decl., Ex. C, Vincent Young

Decl. ¶ 4.)  The Bankruptcy Court properly determined, and counsel for Appellants agreed, that

the party in interest with respect to those shares is the trust, which did not appear before the

Bankruptcy Court.  (Falkowitz Decl., Ex. A, Hr'g Tr. at 27.)

11.     Further, all of the aforementioned shares are worthless in any event.  *See id.* at 31

The Bankruptcy Court noted:

> you seem to be fighting about, in one regard, ownership of shares
> that are really worthless.  And as a practical matter, to the extent . .
> . your client actually does have an interest in this escrow . . . he
> would be far better off than any other shareholder who's holding
> the shares today which are, as counsel represents, on their face,
> right now, worthless and it's not likely that this company will sell
> or restructure itself in a way that they will have value.  It doesn't
> appear that way.  Things may happen.  But I don't quite
> understand, other than this may well be a family dispute that
> carries over into this bankruptcy case,  why in the world someone

> would fight for shares that—of a company that is some nearly 800
> million dollars in debt, with little or no prospect to overcome that
> debt, and have value nor to the benefit of equity such that it would
> reach whatever value those shares were sold for that are being held
> in escrow?

Thus, Allan has no basis to object to the retention of Sonnenschein or to seek the constitution of

an equity committee.

12.    In any event, the Allan Objection is both procedurally and substantively infirm

and is replete with baseless misrepresentations of, among other things, alleged improper and

fraudulent conduct of Sonnenschein's current and former attorneys bordering on the scandalous,

all of which warrants dismissal of this appeal.  (Falkowitz Decl., Ex. G, Supplemental Wolfson

Decl. & Falkowitz Decl., Ex. H, Winikoff Decl.)  The crux of the Allan Objection is that

Sonnenschein is not "disinterested" based on its provision of legal services to the Debtors prior

to the Petition Date.  That argument is, as will be discussed below, entirely without merit and

should be dismissed.  Even if everything alleged in the Allan Objection with regard to

Sonnenschein's prior representation of the Debtors were true—which it is not—Sonnenschein

still qualifies as a disinterested person fit to serve as counsel for the Debtors.  Indeed, the

Bankruptcy Court correctly noted that merely serving as counsel for the Debtors in the past on

matters wholly unrelated to this chapter 11 case is no basis to preclude Sonnenschein from

serving as counsel for the Debtors.  (Falkowitz Decl., Ex. A, Hr'g Tr. at 29 ("So there is nothing,

per se, disqualifying by having represented the debtor prior to the filing.").)

13.    The remainder of the arguments in the Allan Objection have no basis in law, are

wrong or just downright strange, and are based upon scurrilous allegations regarding some sort

of alleged far-flung conspiracy involving Sonnenschein and the Debtors.[5]  Allan's request for

---

[5]    For example, Allan seeks to have all Sonnenschein attorneys barred from appearing in bankruptcy courts in
this district for three years for unclear reasons, compares Sonnenschein attorneys to Bernard Madoff, and

affirmative relief in the form of damages against Sonnenschein and Mr. Wolfson personally, as well as an injunction barring Sonnenschein attorneys from appearing in bankruptcy courts in this district, not only are legally without merit, but also are procedurally improper.  An objection to a retention application is not the proper vehicle to request an award of damages and obtain injunctive relief.  Moreover, as stated previously, Allan improperly sought to appoint an equity committee in the Allan Objection.  Even if the appointment of an equity committee were warranted here—which it is not—an objection to retention of counsel is not the proper way to petition a bankruptcy court with that request, and an order denying an otherwise proper motion to appoint an official committee is interlocutory and non-appealable without leave of court.

14.     The simple truth here is that Allan and his brother Adam R. Allan (who is acting as Allan's counsel in this matter) have been estranged from the Young family for years and appear to be seeking to extract money from the Debtors to which they are not entitled.  (*See id.* at 31 (Bankruptcy Court stating that the matter "may well be a family dispute that carries over into this bankruptcy case" not properly before the Bankruptcy Court) & Falkowitz Decl., Ex. C, Vincent Young Decl. ¶ 3.)

**D.     The Bankruptcy Court's Order Approving the Sonnenschein Retention Application.**

15.     The Bankruptcy Court held a hearing on the Sonnenschein Retention Application and the Allan Objection on March 12, 2009 (the "Hearing"), during which the Bankruptcy Court correctly found that Sonnenschein does not hold or represent an interest that is adverse to the Debtors' estates and that Sonnenschein is a "disinterested person" under the Bankruptcy Code. After giving Allan the opportunity to be heard on the Allan Objection, the Bankruptcy Court accordingly overruled the Allan Objection at the Hearing.  That same day, the Bankruptcy Court

---

alleges that Sonnenschein steered the Debtors "onto a Sea of Fraud—to pillage the wreck in the form of the expected millions in fees."  (Falkowitz Decl., Ex. J, Allan Obj. ¶¶ 15, 19 & 37.)

issued an order approving Sonnenschein's retention (the "Sonnenschein Retention Order").

(Falkowitz Decl., Ex. L, Sonnenschein Retention Order.)  At the Hearing, the Bankruptcy Court

found that "from a standing standpoint" Allan's "standing [was] far too attenuated."  (Falkowitz

Decl., Ex. A, Hr'g Tr. at 26.)  Nevertheless, the Bankruptcy Court allowed Allan to be heard

through his counsel.[6]

16.    The Bankruptcy Court carefully considered and discounted each of the arguments

set forth in the Allan Objection and raised at the Hearing.  Specifically, in addressing each of the

alleged facts purportedly disqualifying Sonnenschein from serving as Debtors' counsel, the

Bankruptcy Court found:

> I don't think you [addressing Allan's counsel] pointed to anything
> really of significance that hasn't already been disclosed and …
> certainly the supplemental disclosure would address that.  But I
> think you need to focus on [Bankruptcy Code section] 1107(b)
> which says "Notwithstanding Section 327(a) of this title, a person
> is not disqualified from employment under Section 32 of this title
> by a debtor-in-possession solely because such person's
> employment by or representation of the debtor before the
> commencement of the case."  So there is nothing, per se,
> disqualifying by having represented the debtor prior to the filing.

(*Id.* at 29.)  The Bankruptcy Court further found that:

> [E]ven in the event [Allan] did have standing, there is nothing in
> that objection, other than conclusory statements, that are not
> supported by facts and don't rise to the level of establishing any
> adverse interest or other disqualifying points regarding the
> retention of Sonnenschein.  The objection is overruled.  Any relief
> sought in the objection regarding the formation of an equity
> committee or sanctions, et cetera, is denied for being procedurally
> inappropriate.

(*Id.* at 33.)

---

[6]    When considering the question of Allan's standing, the Court remarked "I will listen to what you have to say,
but be advised that I don't believe, based on your representation, that your client is a party in interest in this
case."  (Falkowitz Decl., Ex. A, Hr'g Tr. at 27.)

17.     The Bankruptcy Court therefore made it abundantly clear that the Allan Objection is baseless and, even if the allegations therein were true, they in no way rise to the level sufficient to preclude Sonnenschein's retention as counsel for the Debtors.

**E.     The Allan Appeal.**

18.     Apparently undaunted, Allan—joined by Miodownik (the wife of Adam Allan, counsel to Appellants), who did not object to the Sonnenschein Retention Application—filed this appeal.[7]  (Falkowitz Decl., Ex. M, Notice of Appeal & Falkowitz Decl., Ex. N, Designation of Contents and Statement of Issues.)  On appeal, Appellants raise numerous issues, all of which are frivolous, incoherent, baseless, redundant, overly broad, and beyond the appellate jurisdiction of the Court.

19.     Moreover, Appellants' Notice of Appeal lists (in addition to the Debtors) Sonnenschein, Peter D. Wolfson (a partner at Sonnenschein), Akerman and H. Frances Kleiner (a shareholder at Akerman who was formerly a partner at Sonnenschein) as parties to this appeal. None of Sonnenschein, Mr. Wolfson, Akerman, or Ms. Kleiner are properly parties to this appeal:  the correct appellees here are only the Debtors because Appellants' appeal from the Debtors' application to retain and employ Sonnenschein.  Thus, the appeal as it relates to Sonnenschein, Mr. Wolfson, Akerman and Ms. Kleiner should be dismissed on that basis alone.

20.     In any case, this appeal is frivolous and on this basis should be dismissed as well. In particular, Appellants lack appellate standing, appeal from a proposed order that Allan filed with one of his pleadings, and waived certain issues by failing to object to certain motions in the Bankruptcy Court, and Sonnenschein clearly is disinterested, and thus, the Bankruptcy Court correctly issued the Sonnenschein Retention Order.  It is difficult to fathom why Appellants have

---

[7]     Miodownik is the purported owner of a mere 105 shares of the Debtors' common stock, now worthless, with a cost basis of $308.80.  (Falkowitz Decl., Ex. D, V.S. of Hela Miodownik.)

- 10 -

found it in their interest to bring this appeal, but they have succeeded in costing the Debtors'

estates and creditors thousands of dollars by requiring the Debtors to respond to this appeal.[8]

This Court should dismiss Appellants' appeal and award the Debtors damages under Bankruptcy

Rule 8020 to compensate them for the fees and expenses incurred in responding to Appellants'

arguments in this Court and further award double costs to the Debtors to ensure that Appellants

grasp the seriousness of wasting the Debtors' and this Court's scarce time and resources.

## RELIEF REQUESTED

21.     The Debtors respectfully request that this Court enter an order (i) dismissing this

appeal for lack of standing, waiver of issues, and frivolousness pursuant to Bankruptcy Rule

8011(a), (ii) staying this appeal pending a ruling on this Motion or alternatively extending the

appeal briefing schedule in the event that the Court denies this Motion pursuant to Bankruptcy

Rule 8009, and (iii) awarding damages and double costs to the Debtors pursuant to Bankruptcy

Rule 8020.

## BASIS FOR RELIEF

22.     Appellants appeal the following orders: (i) Order Authorizing the Debtors to

Retain and Compensate Professionals in the Ordinary Course of the Debtors' Business dated

March 12, 2009 (the "Ordinary Course Professionals Order") (Falkowitz Decl., Ex. O); (ii) Order

Establishing Procedures for Interim Compensation and Reimbursement of Expenses for

Professionals and Committee Members dated March 12, 2009 (the "Interim Compensation

Order") (Falkowitz Decl., Ex. P); and (iii) the Sonnenschein Retention Order (together with, the

Ordinary Course Professionals Order and the Interim Compensation Order, the "Orders")

---

[8]     Indeed, the Allan Objection is replete with *ad hominem* attacks against the Debtors' principals and
Sonnenschein and Akerman partners and impugns the firms' reputations without citing to a shred of evidence.
Moreover, as discussed more fully herein, the irrelevant issues and documents unrelated to this appeal cited in
the statement of issues and designation of record further demonstrate that this appeal is frivolous.

(Falkowitz Decl., Ex. L).  In addition, Appellants appeal a document Allan filed and which was entered on the docket of the Bankruptcy Court as Docket No. 87, titled "Order signed on 3/10/2009 Denying the Employment Application of Sonnenschein Nath & Rosenthal, LLP and Akerman Senterfitt LLP & Granting Damages Pursuant to Judiciary Law section 487 and the appointment of an official B shareholders committee pursuant to 11 USC section 1102(a)(2)" (the "Unsigned Order").  However, the Unsigned Order is listed on the Docket as "Wrong Event Code" and the document has been restricted.  (Falkowitz Decl., Ex. Q, Docket Entry.)

23.    Bankruptcy Rule 8011 governs motions on appeal and provides that "[a] request for an order or other relief shall be made by filing with the clerk of the district court or the clerk of the bankruptcy appellate panel a motion for such order or relief with proof of service on all other parties to the appeal."  Fed. R. Bankr. P. 8011(a).  Motions to dismiss an appeal may properly be brought under Bankruptcy Rule 8011.  *See In re Quality Spice Corp.,* 107 B.R. 843, 848 (D.N.J. 1989) (providing that "nothing in [Bankruptcy Rule] 8011 prevents a party from filing a motion to dismiss"); *see, e.g., Kuntz v. Cray Computer Corp.* (*In re Cray Computer Corp.*), 1997 WL 111264, at *1 (10th Cir. Mar. 13, 1997); *Ketaner v. Trad'l Indus., Inc.* (*In re Ketaner*), 154 B.R. 467 (E.D. Va. 1993).  Appellate courts have a "discretionary responsibility . . . to manage the conduct of litigation in their courtrooms and to use dismissal when appropriate." *Kuntz,* 1997 WL 111264, at *2 n.7; *see, e.g., In re Salant Corp.*, 176 B.R. 131 (S.D.N.Y. 1994) (dismissing appeal for lack of appellate standing); *Roper v. Garden Ridge Corp.* (*In re Garden Ridge Corp.*), 2009 WL 62442, at * 2 (D. Del. Jan. 9, 2009) (dismissing appeal for frivolity).

**A.    The Appeal Should Be Dismissed Because Appellants Lack Appellate Standing.**

24.    In this Circuit, "the appellant, in order to have standing to appeal a bankruptcy court order, must be a 'person aggrieved' by that order."  *In re Salant Corp.*, 176 B.R. at 133 (citing *Int'l Trade Admin. v. Rensselaer Polytechnic Inst.*, 936 F.2d 744, 747 (2d Cir. 1991)).

- 12 -

The term "person aggrieved" is defined as one who has been "'directly and adversely affected pecuniarily by' the challenged bankruptcy court order." *In re Salant Corp.*, 176 B.R. at 133 (quoting *In re Cosmopolitan Aviation Corp.*, 763 F.2d 507, 513 (2d Cir. 1985)). Under this definition, "merely being a party in interest [under 11 U.S.C. § 1109(b)] is insufficient to confer appellate standing." *Id.* at 134 (dismissing appeal because equity committee lacked standing to appeal an order authorizing debtor to pay a plan confirmation bonus to its chief executive officer); *see In re Cosmopolitan Aviation Corp.*, 763 F.2d at 513 (holding that the debtor, as a party in interest, lacked standing to bring the appeal); *In re Victory Mkts, Inc.,* 195 B.R. 9, 15 (N.D.N.Y. 1996) ("Contrary to Appellant's interpretation, § 1109(b) does not confer appellate standing."); *In re Am. Specialty Equip. Corp.*, 1999 WL 97917, at *2 (E.D.N.Y. Feb. 15, 1999) ("Moreover, assuming Appellant meets the 'party in interest' standard of Section 1109(b) of the Code—and therefore was properly heard in the proceeding below— 'merely being a party in interest is insufficient to confer appellate standing.'") (citation omitted). Rather, an appellant must also have a pecuniary interest in the order being challenged, *In re Salant Corp.,* 176 B.R. at 134-35, and that pecuniary interest may not be "unsubstantiated, speculative and indirect[.]" *In re Victory Mkts, Inc.,* 195 B.R. at 16.

25.    Significantly, courts have determined that shareholder status of debtors alone is insufficient to confer appellate standing. *See In re Salant Corp.,* 176 B.R. at 133-34; *see also In re Central Cream Co.,* 62 B.R. 357, 360 (N.D. Ill. 1986*), aff'd in part and dismissed in part on other grounds*, 836 F.2d 1068 (7th Cir. 1987) (equity holders do not have standing to appeal a bankruptcy court's approval of a settlement agreement (although the value of stock could be affected by the settlement agreement) because the funds at issue belong to the debtor corporation, not the equity holders); *Holta v. Zerbetz*, 145 B.R. 637, 641 (9th Cir. BAP 1992) (sole shareholder of corporation that was in turn majority shareholder of debtor corporation did

- 13 -

not have standing to appeal an order relating to the turnover of certain estate property); *In re DuPage Boiler Works, Inc.*, 965 F.2d 296, 298 (7th Cir.) (shareholder status does not confer standing to appeal a settlement order). "These cases universally hold that the nexus is simply too indirect to meet the 'person aggrieved' standard." *See In re Salant Corp.,* 176 B.R. at 134. This is also true even when shareholders' stock value may be impacted based on the outcome of the order that is at issue in the appeal, *see In re Central Cream Co.,* 62 B.R. at 359-60 ("The mere fact that Central's stock might change in value as a result of the court's action is not enough to confer standing upon the shareholders.") (citation omitted), as well as when a debtor is hopelessly insolvent, *see Cofield v. Graham* (*In re Malmart Mortgage Co.*), 166 B.R. 499, 502 (D. Mass. 1994).

26.     Appellants raise the issue of whether the Bankruptcy Court erred in concluding that Appellants were not parties in interest. The argument is irrelevant. Even assuming *arguendo* that Appellants are parties in interest, Appellants would not satisfy the settled criteria for standing in this jurisdiction sufficient to warrant this appeal for several reasons. First, neither Allan nor Miodownik have any pecuniary interest in the Orders being challenged, or are in any way aggrieved or even affected by the retention of Sonnenschein as Debtors' counsel. *See generally Hyundai Translead, Inc. v. Jackson Truck & Trailer Repair, Inc. (In re Trailer Source, Inc.)*, 555 F.3d 231, 250 (6th Cir. 2009) ("To have standing to appeal, [the party] must demonstrate he has a direct and adverse pecuniary interest in each order he challenges."); *Enter. Bank v. Young (In re Fryer)*, 235 Fed. Appx. 951, 954 (3d Cir. 2007) (dismissing appeal for lack of appellate standing where the appellant did not proffer sufficient evidence to show standing). Second, as mentioned above, Alan is neither a shareholder nor creditor with any basis to object to the retention of Sonnenschein. Allan's 15,172 Shares were sold years ago, and any indirect interest in the Debtors' shares through Allan's interest in an irrevocable trust also is worthless.

- 14 -

(Falkowitz Decl., Ex. A, Hr'g Tr. at 31 & Falkowitz Decl., Ex. B, Richard Young Decl. ¶¶ 1-3.) Even, if the shares in the irrevocable trust had value, however, the Bankruptcy Court properly determined (and Appellants' counsel agreed) that such trust, which did not appear in the bankruptcy proceeding, is the party-in-interest to assert any objection to the Debtors' retention. (Falkowitz Decl., Ex. A, Hr'g Tr. 27.)  Third, Miodownik (whose shares also are worthless and failed to object to the retention of Sonnenschein thus waiving any right to do so as discussed below) even admits that her stake in the Debtors is worth a mere **two dollars and ten cents**. (Falkowitz Decl., Ex. D, V.S. of Hela Miodownik at 3.)  Fourth, assuming *arguendo* that Appellants' interest in the Debtors had some value, the mere status as a shareholder of the Debtors (which status Allan does not even hold) is insufficient to meet the "aggrieved person" standard necessary for standing to appeal.  *In re Salant Corp.*, 176 B.R. at 133.

27.    For the foregoing reasons, there is certainly not enough of an interest in the Debtors or the Orders being challenged to warrant granting either Allan or Miodownik "aggrieved party" status with standing to appeal.  *See In re Victory Mkts, Inc.,* 195 B.R. at 16 ("unsubstantiated, speculative and indirect" pecuniary interest is insufficient to afford appellate standing).  Appellants cannot credibly demonstrate that Sonnenschein's retention as counsel for the Debtors "diminishes their property, increases their burdens, or impairs their rights."  *In re Taylor*, 2000 WL 1634371, at *2 (S.D.N.Y. Oct. 30, 2000) (internal quotation marks omitted) (quoting *Gen. Motors Acceptance Corp. v. Dykes (In re Dykes),* 10 F.3d 184, 187 (3d Cir. 1993)).  Accordingly, neither Allan nor Miodownik have any standing to appeal the Orders.  The appeal should be dismissed on this ground alone.

**B.      The Appeal Should Be Dismissed Because Appellants Appeal An Unsigned Order And Waived Certain Issues Pertaining To The Orders By Failing To Object In The Bankruptcy Court.**

28.      It appears that the Unsigned Order is a proposed order submitted by Appellants (Falkowitz Decl., Ex. R, Notice of Application for Denial of Sonnenschein's Employment Application), which has since been removed from the docket, and thus is not entered by the Bankruptcy Court (Falkowitz Decl., Ex. Q, Docket Entry).  Appellants' appeal of the Unsigned Order is therefore improper.

29.      Moreover, Appellants appeal from the Interim Compensation Order to the extent it allows for the employment of Akerman.  That order, however, does not authorize such employment and thus, an appeal from such order is improper.  (Falkowitz Decl., Ex. P.)  In any event, assuming *arguendo* that the Interim Compensation Order provides for the employment of Akerman, Appellants waived any rights to object to that order.  Appellants did not object to the Interim Compensation Order or the Ordinary Course Professionals Order in the Bankruptcy Court.  Neither Miodownik nor Allan raised any issue with respect to the Debtors' Motion for an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Committee Members (Falkowitz Decl., Ex. S) or Motion to Authorize the Debtors to Retain and Compensate Professionals in the Ordinary Course of the Debtors' Business (Falkowitz Decl., Ex. T).  "It is well established that failure to raise an issue in the [court of original jurisdiction] constitutes a waiver of the argument."  *Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am.,* 927 F.2d 1283, 1298 (3d Cir. 1991); *see Vesta Fire Ins. Corp. v. New Cap Reinsurance Corp. Ltd.* (*In re McKenna*), 238 F.3d 186, 187 (2d Cir. 2001) (giving no consideration to appellant's argument on appeal because appellant failed to raise the issue in the lower courts); *Sizemore v. State of N.M. Dep't of Labor,* 2006 WL 1704456, at *851-52 (10th Cir. June 22, 2006) (employee waived right to challenge magistrate judge's

- 16 -

deadline for her response to employer's summary judgment motion by failing to object to the deadline). Thus, Appellants' appeal of the Interim Compensation Order and the Ordinary Course Professionals Order should be dismissed.

30. Moreover, with respect to Miodownik, she did not object to the Sonnenschein Retention Application in the Bankruptcy Court. As such, Miodownik waived all issues relating to the Sonnenschein Retention Order in this appeal. Miodownik's appeal of the Sonnenschein Retention Order should be dismissed. Accordingly, assuming *arguendo* Allan has standing to appeal, which he does not, the only matter remaining for consideration by this Court is Allan's appeal of the Sonnenschein Retention Order. For the reasons set forth herein, however, an appeal of that order also is without merit and should be dismissed.

**C.    The Appeal Should Be Dismissed Because It Is Frivolous.**

31. Appellate courts may dismiss an appeal on the grounds of frivolousness. *See*, e.g., *Roper*, 2009 WL 62442, at *2 ("These Appeals are, therefore, frivolous and must be dismissed."); *Kuntz*, 1997 WL 111264, at *2-3 (affirming district court's dismissal of an appeal on the grounds that the appeal was procedurally defective and frivolous). An appeal is frivolous if it "lacks an arguable basis either in law or in fact." *Siemon v. Emigrant Savings Bank* (*In re Siemon*), 421 F.3d 167, 169 (2d Cir. 2005) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

32. Appellants' lack of standing, improper appeal of the Unsigned Order and Interim Compensation Order, waiver of the issues pertaining to the Interim Compensation Order and the Ordinary Course Professionals Order and inclusion of the wrong parties as appellees to this appeal are further cause for dismissal of the appeal as frivolous. Moreover, for the reasons set forth below, the appeal should be dismissed because Appellants' statement of issues and grounds

17641857\V-1

for appeal are equally frivolous.[9]  All of the issues raised in Appellants' statement of issues, save

issues 6 and 7 relating to the retention of Akerman, are addressed below.  Issues 6 and 7 are

discussed in the Akerman Motion.

**i.**        **Issue One is Meritless.**

33.        Issue One attacks the Bankruptcy Court's Orders (finding Sonnenschein not

disqualified under 11 U.S.C. § 327) as erroneous because (i) no engagement letter with the

Debtors was supplied pursuant to 22 N.Y. Comp. Codes R. & Regs. § 1215.1 and 11 U.S.C. §

327 with the initial employment application, and thus the application was null and void from

inception, and (ii) the engagement letter that the Debtor provided as a supplement to its

application lacks the signature of the signatory and addressee, Vincent Young, the Debtors'

CEO, and continues to be null and void.

34.        Section 1215.1 of the Rules and Regulations of the State of New York requires an

attorney who undertakes to represent a client to "provide to the client a written letter of

engagement before commencing the representation or within a reasonable time thereafter . . ."

22 N.Y. Comp. Codes R. & Regs. § 1215.1(a).  Sonnenschein in fact, timely provided the

Debtors with a letter of engagement dated January 8, 2009, which was signed by the Debtors'

chief financial officer James A. Morgan, well before the Debtors' retention of Sonnenschein.

Sonnenschein was retained by the Debtors on February 13, 2009 pursuant to the Bankruptcy

Court's order approving retention *nunc pro tunc* to the petition date, February 13, 2009.

(Falkowitz Decl., Ex. G, Letter of Engagement Attachment.)  Sonnenschein properly filed the

---

[9]     The Appellants' Designation of Record further demonstrates the frivolity of this appeal as it is overly broad,
and includes items not presented to—much less considered by—the Bankruptcy Court, items that are wholly
irrelevant to the issues on appeal and the related orders, and as discussed previously, orders that either were not
entered by the Bankruptcy Court or not designated in the Notice of Appeal.  *See* Fed. R. App. Proc. R.
3(c)(1)(B) (providing that the "notice of appeal must . . . designate the judgment, order, or part thereof being
appealed").  (Falkowitz Decl., Ex. M, Notice of Appeal & Falkowitz Decl., Ex. N, Designation of Contents and
Statement of Issues.)

letter of engagement with the Bankruptcy Court on March 11, 2009 in support of its application

for employment.  (*Id.*)  These facts clearly show that a proper and timely letter of engagement

was provided to the Debtors and filed with the Bankruptcy Court.  Thus, Item One is frivolous

because it lacks any arguable basis in law and in fact.  *Cf. Ketaner*, 154 B.R. at 471 (dismissing

appeal pursuant to Bankruptcy Rule 8011 because there was no issue where the appeal hinged on

the timeliness of a complaint and appellee showed that such complaint was timely filed).

### ii.    Issue Two is Frivolous Because Sonnenschein Is Disinterested.

35.    Section 327(a) of the Bankruptcy Code requires that, in order to be retained by a

debtor, a professional must be a "disinterested person."  11 U.S.C. § 327(a).  The term

"disinterested person" is defined under the Bankruptcy Code and means "a person that is not" (i)

"a creditor, equity security holder or an insider," (ii) is not and was not, within 2 years before the

date of the filing of the petition, a director, officer, or employee of the debtor," or (iii) "does not

have an interest materially adverse to the interest of the estate or any class of creditors or equity

security holders, by reason of any direct or indirect relationship to, connection with, or interest

in, the debtor, or for any other reason."  11 U.S.C. § 101(14).  Crucially, 11 U.S.C. § 1107(b)

provides that "notwithstanding section 327(a) … a person is not disqualified from employment

under section 327 … solely because of such person's employment by or representation of the

debtor before the commencement of the case."  11 U.S.C. § 1107(b).

36.    Appellants' argument that Sonnenschein is not a disinterested person because of

its prior representation of the Debtors in corporate legal matters therefore fails under the explicit

language of the Bankruptcy Code, and an appeal of the Bankruptcy Court's order granting

Sonnenschein's retention on that basis is frivolous.  As discussed herein, the Bankruptcy Court

pointed out as much to Allan and specifically addressed why the Allan Objection failed on

account of 11 U.S.C. § 1107(b).  (Falkowitz Decl., Ex. A, Hr'g Tr. at 33.)  As properly

- 19 -

concluded by the Bankruptcy Court, the facts alleged in Appellants' second issue on appeal—all dealing with the uncontested fact that the Debtors were once Sonnenschein clients—do not rise in any way to a finding of disinterestedness.  (*Id.* at 29).

37.    It is simply irrelevant to Sonnenschein's disinterestedness whether Sonnenschein drafted a note, that the Debtors are listed as a client on Sonnenschein's Web site, that Sonnenschein was paid for legal fees in the past by the Debtors pre-petition, Sonnenschein drafted a proxy statement, or otherwise engaged in any of the conduct alleged in Appellants' issue two.  *Cf. Roper*, 2009 WL 62442, at *2 (dismissing the appeal because there was no cognizable legal basis by which the appellant could have prevailed).  Especially puzzling is Appellants' contention that Sonnenschein drafted a proxy statement noticing the 2007 annual shareholders' meeting in Sioux Falls, South Dakota rather than in New York somehow could in any way preclude Sonnenschein from being retained as Debtors' counsel.[10]

**iii.    Allan Was Given The Opportunity To Be Heard (Issues Three, Four, and Eight).**

38.    Issues Three and Four raise the question of whether the Bankruptcy Court erred in its conclusion in the Orders that Allan was not a "party in interest."  These issues are irrelevant. While the Bankruptcy Court did opine at the Hearing that Allan was not a party in interest with standing to object to Sonnenschein's retention, Allan was nevertheless permitted to appear and be heard on the Allan Objection.  (Falkowitz Decl., Ex. A, Hr'g Tr. at 27-33.)

39.    Issue Eight raises the question of whether the Bankruptcy Court erred in its conclusion that Miodownik could not file a notice of appearance to join Allan's opposition motion despite her physical presence in the courtroom.  Appellants cite to no transcript or order

---

[10]    While too numerous to list individually here, the vast majority of Appellants hypothetical "facts" relating to Sonnenschein's disinterestedness in Appellants' issue two are, for lack of a better word, strange.  None of the seven alleged facts Appellants listed in issue two would, even if true, be fatal to Sonnenschein's status as a disinterested party within the meaning of the Bankruptcy Code.

that the Bankruptcy Court ruled that Miodownik could not file a notice of appearance or join the Allan Objection. Miodownik chose not to object by the objection deadline and thereby waived her right to do so as set forth in Section B above. However, even if the Court did so rule, that ruling in no way would have had any bearing on the resolution of the Allan Objection, thereby disposing of Issue Eight. Miodownik's standing (or lack thereof) has nothing to do with the merits of the Bankruptcy Court's overruling of the Allan Objection.

### iv. Allan's Requests For Injunctive And For Other Affirmative Relief Were Not Properly Before The Bankruptcy Court (Issues Five and Nine Through Twelve).

40.       Issues Five and Nine through Twelve raise the question of whether the Bankruptcy Court erred in concluding that Allan was not a "party in interest" so as to permit him to form the Official B Shareholders Committee and in denying Allan's request for sanctions. These issues represent Allan's requests for injunctive relief and other affirmative relief which were not properly before the Bankruptcy Court because Allan only sought such relief through the Allan Objection. *See* Falkowitz Decl., Ex. A, Hr'g Tr. at 33 (The Bankruptcy Court properly concluded that "[a]ny relief sought in the objection regarding formation of an equity committee or sanctions, et cetera, is denied for being procedurally inappropriate."); *cf. Toscano v. Chandris*, 934 F.2d 383, 387 (1st Cir. 1991) (awarding damages under Fed. R. App. P. 38 where issue raised on appeal was not, inter alia, properly before lower court).

41.       An objection to an application to retain professionals is not the proper means to secure the appointment of an equity committee. But as an initial matter, even if Appellants properly moved for the appointment of an equity committee—which they did not—any order denying such an appointment is merely an improper appeal from an interlocutory order. *See Dubin v. S.E.C.*, ( *In re Johns-Manville Corp.*), 824 F.2d 176, 179-80 (2d Cir. 1987), dismissing appeal from *Albero v. S.E.C.* (*In re Johns-Manville Corp.*), 68 B.R. 155 (Bankr. S.D.N.Y. 1986)

("[A] bankruptcy court's denial of a request to appoint an official committee [for shareholders] ... is [not] final even under the more flexible standard of finality applied in bankruptcy cases."). Interlocutory orders can only be appealed through leave of this Court, which leave Allan has neither sought nor obtained. *See* 28 U.S.C. § 158(a) . An appeal of the Bankruptcy Court's refusal to appoint an equity committee is frivolous on its face as the issue was never properly before the Bankruptcy Court in the first place, and would be a non-appealable interlocutory appeal even if that request were denied after being brought by motion. *See* 28 U.S.C. § 158(a); *Toscano*, 934 F.2d at 387.[11]

42.    In addition, putting aside the lack of merit to Appellants' request for sanctions, such affirmative relief must be sought pursuant to a motion or in a complaint filed in an adversary proceeding—not in an objection to a retention application, which warrants the dismissal of those issues out of hand. *See In re Stevens*, 2001 WL 34093946, at *2 (Bankr. D. Vt. Jan. 17, 2001) (denying defendant's request for sanctions under Fed. R. Civ. P. 11 made in defendant's objection to plaintiff's motion to amend the complaint, on the grounds that it was procedurally defective because the request for sanctions was not set forth in a separate document); *cf. Countrywide Home Loans, Inc. v. Collins*, 2006 WL 1877090, at *1 (D. Mass. July 7, 2006) (striking issues on appeal and dismissing the same where they were not properly presented to the bankruptcy court).

43.    Perhaps even more bizarrely, Appellants seek sanctions against Sonnenschein, Sonnenschein partner Peter D. Wolfson, Akerman and Akerman shareholder Frances Kleiner for alleged fraud pursuant to section 487 of the New York State Judiciary Law, which is a New York state statute that provides:

---

[11]    An equity committee is in any case unwarranted here, as the Debtors' stock is worthless. (Falkowitz Decl., Ex. A, Hr'g Tr. at 31.)

> An attorney or counselor who:
>
> 1. Is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party; or,
>
> 2. Wilfully delays his client's suit with a view to his own gain; or, wilfully receives any money or allowance for or on account of any money which he has not laid out, or becomes answerable for,
>
> Is guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action.

N.Y. Jud. Ct. Acts § 487.  Although a civil action by a third party to recover damages on account of attorney misconduct can be brought independently of and prior to a misdemeanor criminal action, *Wiggin v. Gordon*, 455 N.Y.S.2d 205 (N.Y. City Civ. Ct. 1982), such relief can only be sought in a civil action brought via a properly filed and served complaint—not in an objection to a retention application before the Bankruptcy Court.  *See* Fed. R. Bankr. P. 7001 ("a proceeding to obtain an injunction or other equitable relief," except where provided for in the Bankruptcy Code, is an adversary proceeding).

44.    Allan's section 487 request for sanctions was not properly before the Bankruptcy Court, and any appeal of the Bankruptcy Court's refusal to consider the issue is frivolous:  in no way could the Bankruptcy Court have sanctioned Sonnenschein, Akerman, Mr. Wolfson or Ms. Kleiner pursuant to section 487 of the New York state judiciary law in the manner sought by Allan.  *See In re Eerie World Entm't, L.L.C.*, 2006 WL 1288578, at *1 (Bankr. S.D.N.Y. April 28, 2006) (state law action against counsel for trustee properly brought by adversary proceeding); *Sapir v. Hudson Realty Co.* (*In re Rosalind Gardens Assocs.*), 158 B.R. 15, 17 (S.D.N.Y. 1993) (civil complaint against attorney under section 487 of the New York state judiciary law proper in adversary proceeding).  It is simply improper to allege a cause of action against law firms and their attorneys in an objection to a retention application.  Because Allan's sanctions request was not properly before the Bankruptcy Court, Allan's appeal of the alleged

- 23 -

denial of his request for sanctions is therefore patently frivolous and must be dismissed. *See Toscano*, 934 F.2d at 387.

**D.      This Court Should Stay this Appeal Pending Its Ruling on this Motion or Alternatively Extend the Appeal Briefing Schedule Should the Court deny this Motion.**

45.     Bankruptcy Rule 8009 provides that "[u]nless the district court … by local rule or by order excuses the filing of briefs or specifies different time limits" briefs are due by the deadlines set forth in Bankruptcy Rule 8009. Fed. R. Bankr. P. 8009(a). Courts may extend the time for filing briefs under Bankruptcy Rule 8009. *See, e.g., Strait v. Specialty Equip. Cos., Inc.,* 1992 WL 391292, at *2 (N.D. Ill. Dec. 24, 1992) (granting appellant's motion to stay deadlines under Bankruptcy Rule 8009); *cf. In re Tampa Chain Co., Inc.,* 835 F.2d 54, 56 (2d Cir. 1987) (district court did not abuse discretion in extending time to file briefs under Bankruptcy Rule 8009); *In re MacInnis*, 1998 WL 409726, at *4 (S.D.N.Y. July 21, 1998) (granting motion to extend time to file appellate brief under Bankruptcy Rule 8009).

46.     This appeal is frivolous and should be dismissed. Until this Court rules on this Motion, it makes little sense to continue the appeal process and require both Appellants and the Debtors to incur the costs associated with drafting briefs in this case. In the interest of conserving the Debtors' resources, the Debtors should not be required to continue to waste their time and energy on this appeal while this Motion is pending. Further, no parties hereto will be prejudiced by the extension of time pending this Court's decision on the Motion. Accordingly, this Court should stay this appeal pending a ruling on this Motion or alternatively extend the appeal briefing schedule in the event that the Court denies this Motion.

**E.      The Appeal is Frivolous And An Award Of Damages And Double Costs Should Issue.**

47.     An award of damages under Bankruptcy Rule 8020 is appropriate where an appeal is frivolous. *See PDM Enters., Inc. v. Cape May Foods, Inc.,* 301 F.3d 147 (3d Cir.

- 24 -

2002); *In re Davis*, 2004 WL 1336233, at *1 (S.D.N.Y June 15, 2004); *In re Negosh*, 2007 WL 2445158, at *6 (E.D.N.Y. Aug. 22, 2007). Bankruptcy Rule 8020 adopts for the bankruptcy courts the standard employed in Rule 38 of the Federal Rules of Appellate Procedure ("Appellate Rule 38"). *Maloni v. Fairway Wholesale Corp.,* 282 B.R. 727, 733-34 (B.A.P. 1st Cir. 2002); *In re Davis*, 2004 WL 1336233, at *1. The Appellate Rule 38 standard, which therefore is applicable here, permits an award of sanctions "where the appeal taken is found to be groundless, without foundation, and without merit, even though appellant did not bring it in bad faith." *60 E. 80th St. Equities, Inc. v. Sapir* (*In re 60 E. 80th St. Equities, Inc.*), 218 F.3d 109, 119 (2d Cir. 2000) (quoting *In re Drexel Burnham Lambert Group, Inc.,* 995 F.2d 1138, 1147 (2d Cir. 1993) (internal quotation marks omitted)); *see* also *Premier Capital, LLC v. Gavin* (*In re Gavin*), 319 B.R. 27, 34 n.6 (B.A.P. 1st Cir. 2004) ("Generally, 'sanctions will be imposed regardless of the motive of the appellant because the rule seeks to compensate an appellee who has had to waste time defending a meritless appeal.'") (citation omitted). Specifically, Bankruptcy Rule 8020 provides:

> Damages and Costs for Frivolous Appeal. If a district court or bankruptcy appellate panel determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may, after a separately filed motion or notice from the district court or bankruptcy appellate panel and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

Fed.R.Bankr.P. 8020.

48.    There is no exact formula for determining when an appeal is "frivolous." However, as stated above, cases on Appellate Rule 38 guide us in determining when an appeal is frivolous. *See First Fed. Bank v. Weinstein* (*In re Weinstein*), 227 B.R. 284, 297 (B.A.P. 9th Cir. 1998). "Under Federal Rule of Appellate Procedure 38, a frivolous appeal is one where the result is obvious or the appellant's arguments are wholly without merit." *Id.* at 297 (reviewing

- 25 -

Appellate Rule 38 in context of Bankruptcy Rule 8020); *Joseph v. Lindsey* (*In re Lindsey*), 229 B.R. 797, 802 (B.A.P. 10th Cir. 1999) (reviewing Appellate Rule 38 and applying it in Bankruptcy Rule 8020 context).

49.    Circuit courts have further explained that where an appeal is taken "in the face of clear, unambiguous, dispositive holdings," costs and damages should be awarded, as such appeals unjustly burden this Court and the system as a whole.  *Coghlan v. Starkey*, 852 F.2d 806, 812 (5th Cir. 1988) (granting costs and damages to appellee under Appellate Rule 38 where appeal was found to be frivolous.  As the Fifth Circuit explained, this is because the "devotion of limited resources and time to these meritless cases causes deserving litigants to wait . . . Justice delayed is justice denied.  Sanctions are imposed to deter such suits . . ."  *Id.* at 815 (citation omitted); *see Horoshko v. Citibank, N.A.,* 373 F.3d 248, 250 (2d Cir. 2004) ("the right to an appeal does not grant a party a license to clog the appellate docket by advancing meritless arguments for the sole purpose of harassing the prevailing party and subjecting it to undue time and expense") (citation omitted).  For the reasons set forth above establishing that this appeal is frivolous, it is respectfully submitted that this Court should award just damages and double costs to the Appellee.

## **MEMORANDUM OF LAW**

50.    Because the legal points and authorities upon which this Motion relies are incorporated herein, the Debtors respectfully request that this Court deem satisfied the requirement of the filing and service of a separate memorandum of law under Rule 7.1(a) of the Local Civil Rules for the Southern District of New York.

## **NOTICE**

51.    No trustee or examiner has been appointed in these Chapter 11 cases.  The Debtors have served notice of this Motion on each of the Appellants, the United States Trustee,

and counsel for the Official Committee of Unsecured Creditors appointed in the Debtors'

bankruptcy cases.  In light of the nature of the relief requested, the Debtors respectfully submit

that no other or further notice is necessary.

## NO PRIOR REQUEST

52.    No prior request for the relief sought in this Motion has been made to this or any

other Court.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested

in this Motion, and such other and further relief as the Court deems just and proper.

Dated:  April 20, 2009                    Respectfully Submitted,
        New York, New York

                                          SONNENSCHEIN NATH & ROSENTHAL LLP

                                          By:    /s/  Peter D. Wolfson
                                                 _____
                                                 Peter D. Wolfson
                                                 Holly S. Falkowitz
                                                 Jo Christine Reed
                                                 Michael Carney
                                                 1221 Avenue of the Americas
                                                 New York, New York 10020
                                                 Telephone: (212) 768-6700
                                                 Facsimile: (212) 768-6800

                                          *Counsel for the Debtors and Debtors in Possession*

17641857\V-1