UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ x
In re:                                                       :   Related Bankruptcy
                                                             :   Case No. 09-10645 (AJG)
YOUNG BROADCASTING INC. et al.,                              :
                                                             :   (Jointly Administered)
                                     Debtors.                :
------------------------------------------------------------ x
THOMAS T. ALLAN, JR. and                                     :
       HELA MIODOWNIK,                                       :   Case No. 09-cv-3804 (AKH)
                                                             :
                                     Appellants,             :
                                                             :
                       -against-                             :
                                                             :
YOUNG BROADCASTING INC. et. al.,                             :
                                                             :
                                     Appellees.              :
------------------------------------------------------------ x
```

**DECLARATION OF HOLLY S. FALKOWITZ IN SUPPORT OF DEBTORS'
MOTION FOR AN ORDER (I) DISMISSING THE APPEAL PURSUANT TO FED. R.
BANKR. P. 8011, (II) STAYING THE APPEAL OR ALTERNATIVELY EXTENDING
THE APPEAL BRIEFING SCHEDULE PURSUANT TO FED. R. BANKR. P. 8009, AND
(III) AWARDING DAMAGES TO DEBTORS PURSUANT TO FED. R. BANKR. P. 8020**

Pursuant to 28 U.S.C. § 1746, Holly S. Falkowitz declares as follows:

1.      I am a member of the law firm of Sonnenschein Nath & Rosenthal LLP, attorneys for Young Broadcasting Inc. and certain of its direct and indirect subsidiaries, the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors[1]"), and a member in good standing of the bar of the State of New York and am admitted to practice before the Courts of this District.

---

[1] The Debtors and Appellees in these cases are Young Broadcasting Inc.; Young Broadcasting of Lansing, Inc.; Young Broadcasting of Louisiana, Inc.; Young Broadcasting of Nashville, LLC; Young Broadcasting of Albany, Inc.; Young Broadcasting of Richmond, Inc.; Young Broadcasting of Knoxville, Inc.; Young Broadcasting of Green Bay, Inc.; Young Broadcasting of Davenport, Inc.; Young Broadcasting of Sioux Falls, Inc.; Young Broadcasting of Rapid City, Inc.; Young Broadcasting of San Francisco, Inc.; Young Broadcasting of Nashville, Inc.; Young Broadcasting of Los Angeles, Inc.; Young Broadcasting Shared Services, Inc.; Adam Young Inc.; WKRN, G.P.; WATE, G.P.; KLFY, L.P.; YBT, Inc.; YBK, Inc.; LAT, Inc.; Winnebago Television Corporation; Fidelity Television, Inc.; and Honey Bucket Films, Inc.

2.  I submit this Declaration in support of the Debtors' motion to dismiss the appeal of Thomas T. Allan, Jr. and Hela Miodownik (together, the "Appellants") from the orders of Bankruptcy Judge Arthur J. Gonzalez: (i) approving the retention of Sonnenschein Nath & Rosenthal, LLP as Debtors' counsel, (ii) authorizing the Debtors to retain and compensate professionals in the ordinary course of the Debtors' business, and (iii) establishing procedures for interim compensation and reimbursement of expenses for professionals and committee members. I further submit this Declaration in support of the Debtors' motion to dismiss the Appellants' appeal from that certain document entered on the docket of the United States Bankruptcy Court for the Southern District of New York as Docket No. 87, titled "Order signed on 3/10/2009 Denying the Employment Application of Sonnenschein Nath & Rosenthal, LLP and Akerman Senterfitt LLP & Granting Damages Pursuant to Judiciary Law section 487 and the appointment of an official B shareholders committee pursuant to 11 USC section 1102(a)(2)."

3.  Except as otherwise indicated, I have knowledge of the facts set forth herein based upon: (i) my investigation and review of the documents designated as part of the record of this appeal; (ii) my review of the transcript of the Bankruptcy Court hearing held on March 12, 2009; (iii) my review of the orders relating to this appeal; (iv) discussions with representatives of the Debtors as well as certain affiants that submitted declarations in support of the Debtors' application to retain Sonnenschein as Debtors' counsel; and (v) my preparation of various declarations submitted in support of such retention.

4.  The documents submitted herewith were designated as part of the record on appeal and are provided for the Court's convenience in considering this motion.

5.  Attached hereto as Exhibit A and incorporated by reference herein is a true and correct copy of the transcript of the March 12, 2009 hearing on the Debtors' (i) Motion for an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for

- 3 -

Professionals and Committee Members (the "<u>Interim Compensation Motion</u>"), (ii) Motion to Authorize the Debtors to Retain and Compensate Professionals in the Ordinary Course of the Debtors' Business (the "<u>Ordinary Course Professionals Motion</u>"), and (iii) Application for an Order Authorizing the Employment and Retention of Sonnenschein Nath & Rosenthal LLP as Attorneys for the Debtors and Debtors in Possession Effective Nunc Pro Tunc to the Petition Date (the "<u>Sonnenschein Retention Application</u>").

6.      Attached hereto as Exhibit B and incorporated by reference herein is a true and correct copy of the Declaration of Richard Young dated March 11, 2009.

7.      Attached hereto as Exhibit C and incorporated by reference herein is a true and correct copy of the Declaration of Vincent Young dated March 10, 2009.

8.      Attached hereto as Exhibit D and incorporated by reference herein is a true and correct copy of the Verified Statement of Hela Miodownik dated April 7, 2009.

9.      Attached hereto as Exhibit E and incorporated by reference is a true and correct copy of the Sonnenschein Retention Application dated February 28, 2009.

10.     Attached hereto as Exhibit F and incorporated by reference is a true and correct copy of the Declaration of Peter D. Wolfson in support of the Sonnenschein Retention Application dated February 27, 2009.

11.     Attached hereto as Exhibit G and incorporated by reference herein is a true and correct copy of the Supplemental Declaration of Peter D. Wolfson in support of the Sonnenschein Retention Application dated March 11, 2009.

12.     Attached hereto as Exhibit H and incorporated by reference herein is a true and correct copy of the Declaration of Robert Winikoff in support of the Sonnenschein Retention Application dated March 11, 2009.

- 4 -

13. Attached hereto as Exhibit I and incorporated by reference herein is a true and correct copy of the Notice of Irrevocable Relinquishment of Stock Options dated March 24, 2009.

14. Attached hereto as Exhibit J and incorporated by reference herein is a true and correct copy of Thomas T. Allan, Jr.'s Opposition to the Sonnenschein Retention Application dated March 10, 2009.

15. Attached hereto as Exhibit K and incorporated by reference is a true and correct copy of the Response of the Debtors to Thomas T. Allan, Jr.'s Opposition to the Sonnenschein Retention Application dated March 11, 2009.

16. Attached hereto as Exhibit L and incorporated by reference herein is a true and correct copy of the Bankruptcy Court's Order granting the Sonnenschein Retention Application so ordered on March 12, 2009.

17. Attached hereto as Exhibit M and incorporated by reference herein is a true and correct copy of the Appellants' Notice of Appeal dated March 20, 2009.

18. Attached hereto as Exhibit N and incorporated by reference herein is a true and correct copy of the Appellants' Designation of Contents and Statement of Issues dated March 30, 2009.

19. Attached hereto as Exhibit O and incorporated by reference herein is a true and correct copy of the Bankruptcy Court's Order granting the Ordinary Course Professionals Motion so ordered on March 12, 2009.

20. Attached hereto as Exhibit P and incorporated by reference herein is a true and correct copy of the Bankruptcy Court's Order granting the Interim Compensation Motion so ordered on March 12, 2009.

21. Attached hereto as Exhibit Q and incorporated by reference herein is a true and correct copy of Bankruptcy Court docket entry no. 87 reflecting: (i) the restricted access to the document entitled "Order Denying the Employment Application of Sonnenschein Nath & Rosenthal LLP and Akerman Senterfitt, LLP & Granting Damages pursuant to Judiciary Law Section 487 and the appointment of an official B shareholders committee pursuant to 11 USC section 1102(a)(2);" and (ii) that such document is listed on the docket as "Wrong Event Code."

22. Attached hereto as Exhibit R and incorporated by reference herein is a true and correct copy of the document entitled "Notice of Thomas T. Allan's Application for an Order Pursuant to 11 USC 1102(a)(2) to Form an Official "B" shareholders committee and for Computation of Damages Pursuant to Judiciary Law section 487 & Denial of Sonnenschein & Akerman's Employment Applications," dated March 9, 2009.

23. Attached hereto as Exhibit S and incorporated by reference herein is a true and correct copy of the Interim Compensation Motion dated February 28, 2009.

24. Attached hereto as Exhibit T and incorporated by reference herein is a true and correct copy of the Ordinary Course Professionals Motion dated February 28, 2009.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief. Executed this 20th day of April 2009 in New York, New York.

                                  /s/ Holly Falkowitz
                                  Holly Falkowitz

10275809\V-1